Smith, J.
In this case we are of the opinion:
First — That the action of the trial court complained of, in allowing the defendant in error, the plaintiff below,after she *619 had offered her evidence in chief, and had rested, and the defendant below had moved for the court to arrest the evidence from the jury, and ronder a judgment for the defendant, to offer additional evidence, was not erroneous. It rested in the sound discretion of the court to do this, and we think it was properly exercised.
Greed & Qreed, for plaintiff in error.
Carr & Speiser, for defendant in error.
Second — Was the verdict rendered for the plaintiff below, clearly and manifestly against the weight of the evidence?
We think the plaintiff did fail to establish the fact that she was employed as a household servant by Mrs. Hackman. On the contrary we think it was shown that her husband employed her, and was originally and primarily liable for her wages,the balance due her being understood and agreed upon. But if the evidence of the plaintiff and her witness is to be credited, Mrs. Hackman had the money for her, according to her statement, and expressly promised to pay her, but did not do so. Though she was then a married woman, by the law of 1884, if she had a separate estate, she would bind herself as-a feme sole, and according to the evidence of the plaintiff she had such separate estate. It is true the defendant denied the promise and the ownership of a separate estate, but it was for the jury to weigh the different statements, and give such credit to them as they thought them entitled to. Having found for the plaintiff, and the trial judge having refused to disturb their finding, we cannot say that it was manifestly against the weight of the evidence, and the judgment will be affirmed, with costs, but without penalty.